## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ESTATE OF DJAMSHID** | : | |
| **"JIMMY" SHARMAHD,** *et al* | : | |
| | : | |
| *Plaintiffs,* | : | |
| | : | |
| **v.** | : | **Case No. 2026-CV-00013-TBD** |
| | : | |
| **THE GOVERNMENT OF THE** | : | |
| **ISLAMIC REPUBLIC OF IRAN,** | : | |
| *incl. its ministries, agencies,* | : | |
| *and instrumentalities,* | : | |
| | : | |
| *Defendant.* | : | |

## PLAINTIFFS' EX PARTE MOTION FOR WAIVER OF LOCAL CIVIL RULE 5.1(c)(1)

**COMES NOW** Plaintiffs, by and through undersigned counsel, and respectfully move this Court

for an ex parte waiver of the requirement in Local Civil Rule 5.1(c)(1) that the full residence

addresses of the Plaintiffs appear in the caption of the initial pleading, and would state in support

the following:

1. This action arises from the kidnapping, torture, hostage-taking, and extrajudicial killing

   of Djamshid "Jimmy" Sharmahd by the Islamic Republic of Iran. It is brought against a

   designated state sponsor of terrorism with a documented history of targeting dissidents

   and their families beyond its borders. The Plaintiffs include the Estate of Mr. Sharmahd

   and his immediate family members, several of whom have maintained a public advocacy

   role in connection with this case and related human rights efforts.

2. Iran's campaign against Mr. Sharmahd and his family did not begin with his abduction. In 2009, Mr. Sharmahd was the intended victim of a foiled assassination attempt in Los Angeles orchestrated by Iranian intelligence operatives operating on United States soil. That attempt underscores the longstanding and extraterritorial nature of the threats associated with this matter and the heightened risk posed to those closely connected to Mr. Sharmahd.

3. The security risks to the Plaintiffs are ongoing and concrete. Since Mr. Sharmahd's abduction in 2020, members of the Sharmahd family have been in communication with federal law enforcement regarding safety concerns. On or about December 11, 2025, two Federal Bureau of Investigation Special Agents visited the Sharmahd residence to advise that members of the family had been identified as targets of an organized malware and hacking campaign. The agents advised that the activity was consistent with foreign-state cyber operations and, upon information and belief, involved actors affiliated with or linked to the Islamic Republic of Iran.

4. In addition, due to credible concerns about interference or desecration, the burial of Mr. Sharmahd was conducted without public disclosure of the location. Members of the family have been advised by federal authorities to exercise heightened caution in their movements and public activities. Ms. Gazelle Sharmahd, the Executor of the Estate and a named Plaintiff in her individual capacity, is a known freedom advocate within the Iranian diaspora and has been specifically advised that travel to certain countries, including Germany, poses elevated risk absent security precautions. She has already been the subject of online targeting and harassment.

5. Disclosure of Plaintiffs' residential addresses would unnecessarily expose them to heightened risks of surveillance, cyber intrusion, harassment, intimidation, or physical harm. The marginal value of disclosure of home addresses in this case is outweighed by the demonstrated safety concerns associated with identifying the locations of individuals litigating against a foreign sovereign accused of terrorism-related conduct.

6. Plaintiffs are represented by counsel, and reliable contact information for purposes of service, notice, and case administration is fully available through undersigned counsel's publicly listed business addresses in Florida and Virginia, as well as listed in the pleadings. No party will be prejudiced by the requested waiver, and the orderly administration of this action will not be affected.

7. Courts in this District have routinely granted similar relief in terrorism-related cases where disclosure of residential addresses would pose security risks, including in actions against the Islamic Republic of Iran. See *Levinson v. Islamic Republic of Iran*, No. 1:17-cv-00511 (D.D.C. Mar. 23, 2017) (granting ex parte waiver of Local Civil Rule 5.1(c)(1)) (Dkt. No. 7).

**WHEREFORE,** for the foregoing reasons, Plaintiffs respectfully request that the Court waive the requirements of Local Civil Rule 5.1(c)(1) to the extent it mandates inclusion of Plaintiffs' full residence addresses in the caption of the initial pleading or the filing of any separate notice identifying Plaintiffs' residence addresses, and grant such other and further relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 5th day of January, 2026, the foregoing was filed

electronically with the Clerk of the Court. This is an ex parte filing, and Defendant has not

been served or appeared.

**BARKET LAWYERS**
Concorde Building - 7th Floor
66 W. Flagler Street
Miami, FL, 33130
Tele: (305) 373-6711
Dylan@barketlawyers.com
Pleadings@barketlawyers.com


/s/Dylan G. Barket, Esq.
Florida Bar Number: 1026381
D.C. District ID: FL00128